1 | SEYFARTH SHAW
  | William J. Dritsas (SBN: 097523)
2 | Catherine M. Dacre (SBN: 141988)
  | 101 California Street, Suite 2900
3 | San Francisco, California 94111-5858
  | Telephone: (415) 397-2823
4 | Facsimile: (415) 397-8549

5 | Attorneys for Defendant
  | LUCENT TECHNOLOGIES INC.

## UNITED STATES DISTRICT COURT

## IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

C 03 3467 PVT

| | |
|---|---|
| VENKATAPATHY RAYAPATI | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT** |
| v. | |
| LUCENT TECHNOLOGIES, INC., a corporation; FRANK NATHAN, JOSEPH PICARELLO, DONALD SIMPSON, and DOES 1 through 100, inclusive, | Complaint Filed: June 23, 2003<br>Trial Date: None |
| Defendants. | |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332, §1441 and §1446, Defendant LUCENT TECHNOLOGIES INC. ("Defendant") hereby removes the above-entitled action from the Superior Court of California in the County of Santa Clara to the United States District Court for the Northern District of California.

### Removal Jurisdiction

1. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because this action involves citizens of different states and the amount in controversy exceeds

Notice of Removal of Civil Action to USDC

the sum of $75,000, exclusive of interest and costs. In support of this removal, Defendant makes the following showing.

2.   Defendant is informed and believes that on or about June 17, 2003, Plaintiff Venkatapathy Rayapati filed a Complaint in the Superior Court of the State of California in the County of Santa Clara, entitled *Venkatapathy Rayapati v. Lucent Technologies Inc., et al.*, Case No. CV817925. The Complaint purports to allege causes of action for (1) non-payment of wages; (2) waiting time penalties under Labor Code Section 203; (3) breach of contract; and (4) fraud.

3.   Defendant Lucent Technologies Inc. was served with a copy of the Summons and Complaint on June 26, 2003. Defendant is informed and believes that none of the individually named Defendants have been served with the Complaint. This Notice of Removal is filed within 30 days of service of the Summons and Complaint on Defendant. Thus, removal is timely pursuant to 28 U.S.C. § 1446(b) and Federal Rules of Civil Procedure, Rule 6(a). See also *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (removal is timely if made within 30 days after complaint is served on defendant). All process, pleadings, notices and orders served upon Defendant in this action, including the Answer and Summons and Complaint, are attached as Exhibit "A" hereto, as required by 28 U.S.C. § 1446(a).

### Diversity Jurisdiction

4.   This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action with an amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and is between citizens of different states.

5.   Defendant is informed and believes that Plaintiff is, and at all times since the commencement of this action has been a citizen and resident of the State of California. See Complaint, paragraph 1.

6.   Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of

2

business . . . ." Defendant Lucent Technologies Inc. is, and at all material times has been, a corporation duly organized under the laws of the State of Delaware, and with its principal places of business in the State of New Jersey.

7.  The citizenship of the fictitious defendants, Does 1 through 100, may be disregarded pursuant to 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded"). *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

8.  The amount in controversy in this action exceeds the sum of Seventy-Five Thousand Dollars ($75,000). According to the Complaint, Plaintiff signed a contract with Defendant Lucent Technologies Inc. on August 28, 2001. Under the terms of said contact, Defendant Lucent Technologies Inc. allegedly agreed to pay Plaintiff one million dollars ($1,000,000.00) for "completing Phase I ." The Complaint alleges that after Defendant Lucent Technologies, Inc. closed its Next Generation Access business division in July 2002, Plaintiff's employment ended, on August 23, 2002. Plaintiff claims that under the agreement entered into by the parties, he is entitled to a one million dollar bonus ($1,000,000.00) and 384 hours of vacation pay. Based upon the allegations contained in the Complaint, Defendant is informed and believes that Plaintiff seeks damages within the jurisdictional authority of this Court.

9.  Since the amount in controversy between them is in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, this Court has original jurisdiction of the action pursuant to 28 U.S.C. §1332(a)(1). The action is therefore a proper one for removal to this Court. 28 U.S.C. § 1441(a).

10. Defendant Joseph Picarello is a citizen of the State of New Jersey. Defendant Donald Simpson is a citizen of the State of Massachusetts. Although defendant Frank Nemeth (incorrectly named herein as "Nathan") is a citizen of the State of California, removal is appropriate based on diversity of citizenship because all three individually-named defendants have been fraudulently joined for purposes of removal.   Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity. *Triggs v. John Crump Toyota, Inc.* 154 F.3d 1284 (11th Cir. 1998). A fraudulently joined defendant may

1  be disregarded for purposes of the diversity analysis. See *Morris v. Princess Cruises, Inc.* 236
2  F.3d 1061, 1067 (9th Cir. 2001) (defendant fraudulently joined where no possibility of prevailing
3  on negligent misrepresentation claim under facts alleged).

4        Nemeth (along with Picarello and Simpson) are fraudulently joined defendants as there
5  exists no possibility of recovery against any of them in the complaint. Plaintiff's complaint
6  alleges wage payment violations, and breach of contract arising from alleged fraudulent
7  inducement to enter into a contract and termination. All three of the individually-named
8  defendants were employed in a corporate security capacity for Lucent. They did not work with
9  or for plaintiff, nor did they supervise or oversee his work in any way. Stated simply, they had
10 nothing to do with his business unit, the project he was hired to work on, or any decisions
11 regarding his compensation or termination. None of the individually-named defendants had any
12 involvement whatsoever in plaintiff's recruitment, hiring or contract negotiations in connection
13 with his work for Lucent. Similarly, none of the named defendants had any involvement
14 whatsoever in any decisions regarding his termination or whether and what to pay or withhold
15 from plaintiff. Notably, plaintiff's complaint does not contain a single allegation suggesting any
16 such involvement. See *Parks v. The New York Times Company*, 308 F.2d 474 (5th Cir. 1962):
17 (joinder is fraudulent if it is clear that facts asserted by plaintiff as the basis for liability of the
18 resident defendant could not possibly create such liability so that the assertion of the cause of
19 action is plainly a sham and frivolous). As plaintiff's complaint does not even alleges any facts
20 about the involvement of the individually named defendants, much less facts supporting a basis
21 for liability against them, all three individuals should be considered sham defendants.

22       Because none of the named defendants were involved in or had the power to make any of
23 the decisions complained of, they should be ignored as defendants for purposes of removal
24 jurisdiction. See *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). See
25 also, *Lejeune v. Shell Oil Co.*, 950 F.3d 267, 271 (5th Cir. 1992) (defendants fraudulently joined
26 for removal purposes because no personal liability against individual employees).
27 ///
28 ///

4

Notice of Removal of Civil Action to USDC

## Venue

11. Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441(a) because the state court action was filed in this district.

## Notice to State Court and Plaintiff

Defendant will give prompt notice of the filing of this Notice of Removal to Plaintiffs and to the Clerk of the Superior Court of the State of California in the County of Santa Clara. The Notice of Removal is concurrently being served on all parties.

DATED: July 25, 2003

SEYFARTH SHAW

By _____
Catherine M. Dacre
Attorneys for Defendant
LUCENT TECHNOLOGIES INC.

Notice of Removal of Civil Action to USDC

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw, 101 California Street, Suite 2900, San Francisco, California 94111-5858. On July 25, 2003, I served the within documents:

**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**

☐ I sent such document from facsimile machine (415) 397-8549 on July 25, 2003. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (415) 397-8549 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at San Francisco, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

David H. Greenberg
Law Offices of David H. Greenberg
8383 Wilshire Blvd., Suite 334
Beverly Hills, CA 90211-2403

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on July 25, 2003, at San Francisco, California.

_____
Mayela E. Brown

SF1 28151270.1

i

Proof of Service